UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.  Case Nos.   3:11cr55/MCR/CJK
            3:12cv52MCR/CJK

RIGOBERTO ROBLES-VELAZQUEZ
_____/

REPORT AND RECOMMENDATION

     This matter is before the court upon Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  (Doc. 55).  The Government has filed a response (doc. 59) and Defendant has filed a reply.  (Doc. 61).  The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).  After a careful review of the record and the arguments presented, it is the opinion of the undersigned that Defendant has not raised any issue requiring an evidentiary hearing and that the § 2255 motion should be denied.  *See* Rules Governing Section 2255 Cases 8(a) and (b).

## PROCEDURAL BACKGROUND[1]

In August of 2011, Defendant pleaded guilty to a single count of reentry into the United States after deportation. (Docs. 1, 19–21, 46). The second final Presentence Investigation Report ("PSR") reflected a total offense level of 21 and a criminal history category of III. (Doc. 32). Defendant's advisory guidelines range was 46 to 57 months, and after a two part sentencing hearing, the court sentenced him to a term of 52 months imprisonment. (Docs. 34, 48, 49). Defendant appealed, and the Eleventh Circuit Court of Appeals affirmed his conviction and sentence on October 26, 2012. (Doc. 54). Defendant timely, if not prematurely, filed the instant motion on October 23, 2012. (Doc. 55 at 13). Because Defendant did not file a service copy of his § 2255 motion at the time he filed it, additional time elapsed and the Eleventh Circuit had entered its mandate before this court directed the Government to respond. (Docs. 56–58).

In the present motion, Defendant raises three grounds for relief. He contends that his attorney provided constitutionally ineffective assistance of counsel by not objecting to the use of non-<u>Shepard</u> approved documents, failing to investigate the issue of actual innocence, and not challenging the district court's jurisdiction over his case based on the alleged unconstitutionality of the Sentencing Reform Act. The Government opposes the motion in its entirety.

---

[1] Detailed statements of facts describing the offense conduct are set forth in the PSR (doc. 32) and will be set forth herein only as necessary.

Case Nos. 3:11cr55/MCR/CJK; 3:12cv52/MCR/CJK

## LEGAL ANALYSIS

<u>General Standard of Review</u>

Collateral review is not a substitute for direct appeal, and therefore the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited. A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

The law is well established that a district court need not reconsider issues raised in a section 2255 motion which have been resolved on direct appeal. *Rozier v. United States*, 701 F.3d 681, 684 (11th Cir. 2012); *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000); *Mills v. United States*, 36 F.3d 1052, 1056 (11th Cir. 1994). Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255. *Nyhuis*, 211 F.3d at 1343 (quotation omitted). Broad discretion is afforded to a court's determination of whether a particular claim has been previously raised. *Sanders v. United States*,

373 U.S. 1, 16 (1963) ("identical grounds may often be proved by different factual allegations . . . or supported by different legal arguments . . . or couched in different language . . . or vary in immaterial respects").

Furthermore, a motion to vacate under section 2255 is not a substitute for direct appeal, and issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred. *Lynn*, 365 F.3d at 1234–35; *Bousley v. United States*, 523 U.S. 614, 621 (1998); *McKay v. United States*, 657 F.3d 1190, 1195 (11th Cir. 2011). An issue is "'available' on direct appeal when its merits can be reviewed without further factual development." *Lynn*, 365 F.3d at 1232 n.14 (quoting *Mills*, 36 F.3d at 1055). Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is, alternatively, that he is "actually innocent." *Lynn*, 365 F.3d at 1234; *Bousley*, 523 U.S. at 622 (citations omitted). To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct." *Lynn*, 365 F.3d at 1235. A meritorious claim of ineffective assistance of counsel can constitute cause. *See Nyhuis*, 211 F.3d at 1344.

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal. *Massaro v. United States*, 538 U.S. 500, 503 (2003); *see also United States v. Franklin*, 694 F.3d, 1, 8 (11th Cir. 2012). In order

to prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Williams v. Taylor*, 529 U.S. 362, 390 (2000); *Darden v. United States*, 708 F.3d 1225, 1228 (11th Cir. 2013). *Strickland*'s two part test also applies to guilty pleas. *Lafler v. Cooper*, 132 S.Ct. 1376, 1384 (2012) (citing *Hill v. Lockhart*, 474 U.S. 52, 58 (1985)). A defendant will be required to show that but for counsel's errors, he would not have pleaded guilty and would have instead insisted on proceeding to trial. *Id* at 1384–85 (quoting *Hill*, 474 U.S. at 59). A defendant's "after the fact testimony concerning his desire to plead, without more, is insufficient to establish" prejudice. *Pericles v. United States*, 567 F. App'x 776, 782 (11th Cir. 2014) (quoting *Diaz v. United States*, 930 F.2d 832, 835 (11th Cir. 1991)); *Rosin v. United States*, 786 F.3d 873 (11th Cir. 2015). In applying *Strickland*, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs. *Strickland*, 466 U.S. at 697; *Brown v. United States*, 720 F.3d 1316, 1326 (11th Cir. 2013); *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000) ("[T]he court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa.").

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688; *see also Dingle v. Sec'y for Dep't of Corr.*, 480 F.3d 1092, 1099 (11th Cir. 2007). Reviewing courts are to review counsel's performance in a highly deferential manner and "must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable

professional assistance." *Hammond v. Hall*, 586 F.3d 1289, 1324 (11th Cir. 2009) (quoting *Strickland*, 466 U.S. at 689); *see also Chandler v. United States*, 218 F.3d 1305, 1315–16 (11th Cir. 2000) (discussing presumption of reasonableness of counsel's conduct); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation"). Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight. *Strickland*, 466 U.S. at 689. To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); *Chandler*, 218 F.3d at 1315. When examining the performance of an experienced trial counsel, the presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect." *Chandler*, 218 F.3d at 1316 n.18.

With regard to the prejudice requirement, defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694. "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011) (quoting *Strickland*). For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him." *Lockhart v. Fretwell*, 506 U.S. 364, 369–70 (1993); *Allen v. Sec'y, Fla. Dep't of Corr.*, 611 F.3d 740, 754 (11th Cir. 2010). A defendant therefore must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Lockhart*,

506 U.S. at 369 (quoting *Strickland*, 466 U.S. at 687).  Or in the case of alleged sentencing errors, a defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level.  *Glover v. United States*, 531 U.S. 198, 203–04 (2001).  A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance." *Id.* at 203.

To establish ineffective assistance, a defendant must provide factual support for his contentions regarding counsel's performance.  *Smith v. White*, 815 F.2d 1401, 1406–07 (11th Cir. 1987).  Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test.  *See Boyd v. Comm'r, Ala. Dep't of Corr.*, 697 F.3d 1320, 1333–34 (11th Cir. 2012); *Garcia v. United States*, 456 F. App'x 804, 807 (11th Cir. 2012) (citing *Yeck v. Goodwin*, 985 F.2d 538, 542 (11th Cir. 1993)); *Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *Stano v. Dugger*, 901 F.2d 898, 899 (11th Cir. 1990) (citing *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between." *Chandler*, 218 F.3d at 1313.  This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted.  *Dingle*, 480 F.3d at 1099; *Williamson v. Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000).  "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective

Case Nos. 3:11cr55/MCR/CJK; 3:12cv52/MCR/CJK

assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'" *Dingle*, 480 F.3d at 1099 (quoting *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983)).

An evidentiary hearing is unnecessary when "the motion and files and records conclusively show that the prisoner is entitled to no relief." *See* 28 U.S.C. § 2255(b); *Rosin v. United States*, 786 F.3d 873 (11th Cir. 2015); *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008). Not every claim of ineffective assistance of counsel warrants an evidentiary hearing. *Gordon*, 518 F.3d at 1301 (citing *Vick v. United States*, 730 F.2d 707, 708 (11th Cir. 1984)). To be entitled to a hearing, a defendant must allege facts that, if true, would prove he is entitled to relief. *See Hernandez v. United States*, 778 F.3d 1230, 1234 (11th Cir. 2015). A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record. *Peoples v. Campbell*, 377 F.3d 1208, 1237 (11th Cir. 2004); *Tejada*, 941 F.2d at 1559; *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (citations omitted). Likewise, affidavits that amount to nothing more than conclusory allegations do not warrant a hearing. *Lynn*, 365 F.3d at 1239.

Mootness

Bureau of Prison records reflect that Defendant was released from custody on June 18, 2015. Although Defendant is no longer incarcerated, this case is not necessarily moot. Once attached, federal jurisdiction is not automatically defeated by the release of a defendant before the section 2255 motion is resolved. *See Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). For instance, if a defendant is serving a term of supervised release, he is still subject to restrictions on his liberty which could be

Page 9 of 15

affected if he prevails in an action challenging his conviction and sentence. *See Dawson v. Scott*, 50 F.3d 884, 886 n.2 (11th Cir. 1995) (citing *Jago v. Van Curen*, 454 U.S. 14, 21 n.3 (1981) (per curiam); *United States v. Eske*, 925 F.2d 205, 206 n.2 (7th Cir.1991)); *Cleckler v. United States*, 410 F. App'x 279 (11th Cir. 2011) (citing *Dawson*); *Kusay v. United States*, 62 F.3d 192 (7th Cir. 1995); *Minor v. Dugger*, 864 F.2d 124, 127 (11th Cir. 1989). Therefore, despite a release from incarceration, such a defendant he remains "in custody" within the meaning of 28 U.S.C. § 2255. *See United States v. Brown*, 117 F.3d 471, 475 (11th Cir. 1997); *see also Jones v. Cunningham*, 371 U.S. 236, 240–43 (1963) (holding that paroled prisoner is in custody when the terms of his release impose "significant restraints on petitioner's liberty because of his conviction and sentence, which are in addition to those imposed by the State upon the public generally"); *United States v. Essig*, 10 F.3d 968, 970 n. 3 (3d Cir.1993) (holding expressly that supervised release satisfies the "in custody" requirement of § 2255). Defendant's motion is not moot, and the court must consider the merits of his claims.

<u>Ground One</u>

Defendant asserts that counsel was constitutionally ineffective because she did not object to the use of non-*Shepard* approved documents[2] to establish a prior felony conviction, and that as a result of this alleged failure, he received a sixteen-level guidelines enhancement.

---

[2] Defendant refers to the Supreme Court's decision in *Shepard v. United States*, 544 U.S. 13 (2005). The Court in *Shepard* stated that to determine whether a particular conviction qualifies as a violent felony, a court is "limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy and any explicit factual finding by the trial judge to which the defendant assented." 544 U.S. at 16.

Case Nos. 3:11cr55/MCR/CJK; 3:12cv52/MCR/CJK

Defendant's sixteen-level enhancement was assessed based on his prior conviction for "burglary of a habitation with intent to commit misdemeanor assault" set forth in paragraph 34 of the PSR. (Doc. 32, PSR at ¶ 21). The sentencing transcript reveals that the defense initially conceded its agreement that the sixteen-level enhancement applied because a conviction for burglary is categorically a crime of violence. (Doc. 48 at 7). The court nonetheless continued sentencing in order for counsel to investigate the factual circumstances of the prior conviction. When sentencing reconvened, defense counsel indicated that since the prior conviction was a crime of violence, the court was not "supposed to" consider the arrest report. Counsel then argued that although Defendant's prior burglary conviction was technically a countable crime of violence, there was no empirical data supporting such a large enhancement for past conduct unrelated to the offense of conviction, and a lesser sentence was therefore appropriate. (Doc. 49 at 3–15). Neither party submitted any documents to "prove" this offense, which Defendant had already admitted in the Statement of Facts that comprised part of his plea. (Doc. 21). Specifically, Defendant admitted therein that the Government could offer a certified copy of the judgment and conviction to establish that, prior to his deportation in December of 2009, he had been convicted in August of 2009 of burglary of habitation with intent to commit misdemeanor assault. (*Id*. at 2).

The "non-*Shepard* approved documents" to which Defendant refers were presumably documents related to a then-pending Texas case in which Defendant had been charged with burglary of a vehicle. (Doc. 32, PSR at ¶ 39). The probation officer provided the court with the Information and the Probable Cause of Arrest Report as well as DNA results relating to these charges. (*See* doc. 49 at 20–21). To

the extent the court considered these documents, it was only to support its observation regarding Defendant's repetitive pattern of criminal behavior, and its analysis of the 18 U.S.C. § 3553 factors. (*See id.* at 15–19). In doing so, the court was careful to clarify that Defendant was not admitting to having committed the vehicular burglary, and that he preserved his right to challenge the charges against him. (*Id.* at 19). Therefore, these documents were unrelated to the sixteen-level guidelines increase assessed in the PSR. As such, counsel was not constitutionally ineffective for her failure to make the objection Defendant now proposes, and Defendant is not entitled to relief. *See Freeman v. Attorney General, Florida*, 536 F.3d 1225, 1233 (11th Cir. 2008); *Sneed v. Florida Dep't of Corrections*, 496 F. App'x 20, 27 (11th Cir. 2012); *Lattimore v. United States*, 345 F. App'x 506, 508 (11th Cir. 2009); *Brownlee v. Haley*, 306 F.3d 1043, 1066 (11th Cir. 2002).

Ground Two

Defendant next claims that counsel failed to investigate the issue of actual innocence. According to Defendant, such an investigation would have shown that Defendant was guilty only of violating 8 U.S.C. §1325, which proscribes improper entry by an alien, rather than 8 U.S.C. § 1326(a) and (b)(2), which proscribes reentry of a removed alien. Defendant is not entitled to relief on this conclusory claim.

Defendant's Plea Agreement, Statement of Facts and the plea proceedings expressly set forth the nature of the charges and the legal elements the Government was required to prove to sustain a conviction under 8 U.S.C. § 1326. During the plea colloquy, Defendant admitted that he had discussed the Plea Agreement and Statement of Facts with counsel, with the aid of an interpreter, and he declined the court's offer to read the Statement of Facts to him again, maintaining that he

understood. (Doc. 46 at 19). The court advised Defendant of his rights, including the fact that by entering a plea of guilty he would be waiving any and all defenses he might have to the charge. Defendant nevertheless persisted in entering his guilty plea. (*Id.* at 11, 19).

"A guilty plea, since it admits all the elements of a formal criminal charge, waives all non-jurisdictional defects in the proceedings against a defendant." *United States v. Brown*, 752 F.3d 1344, 1347 (11th Cir. 2014) (quoting *United States v. Fairchild*, 803 F.2d 1121, 1124 (11th Cir.1986) (quoting *United States v. Jackson*, 659 F.2d 73, 74 (5th Cir.1981)); *see also United States v. Patti*, 337 F.3d 1317, 1320 (11th Cir.2003) ("Generally, a voluntary, unconditional guilty plea waives all non-jurisdictional defects in the proceedings."). This waiver includes constitutional claims, including ineffective assistance of counsel claims relating to pre-plea issues, although an attack on the voluntary and knowing nature of the plea can be sustained. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973) (once a defendant enters a knowing, voluntary guilty plea, "he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea"); *United States v. Glinsey*, 209 F.2d 386, 392 (5th Cir. 2000) ("A voluntary guilty plea waives ... claims of ineffective assistance of counsel except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary.")

Even if Defendant's claim were not waived, he has not shown that it has merit. Defendant has offered no facts in support of his claim, and the record reflects that his conviction of a violation of 8 U.S.C. § 1326 was well-supported. Therefore, Defendant has not met his burden of establishing that counsel's performance was

constitutionally deficient or that he was prejudiced in any respect. Relief is not warranted on this claim.

### Ground Three

Defendant asserts that the Sentencing Reform Act, Public Law 98-437, 98 Stat. 1837, is unconstitutional on its face. Defendant claims that the Act is comprised of regulations that have never been voted into positive law and therefore that the court did not have subject matter jurisdiction to sentence him in this case. He further maintains that the Comprehensive Crime Control Act, Public Law 98-417, expired as of September 30, 1985. Defendant cited no case law in support of his position, and the court has found none. Conversely, courts that have addressed similar claims have found them to be without merit. *See United States v. Powell*, 761 F.2d 1227 (8th Cir. 1985); *Stewart v. United States*, Case Nos. 1:04-CR-75-1-TWT, 1:04-CR-76-6-TWT, 2009 WL 909547 (N.D. Ga. Apr. 2, 2009); *cf Elie v. United States*, Case No. 5:13-cv-75-RS-EMT, 2013 WL 5362713 (N.D. Fla. Sept. 25, 2013) (declining to reach issue in a § 2241 petition); *Manning v. Augustine*, Case No. 5:13cv112-WS-EMT, 2013 WL 5436766 (N.D. Fla. Sept. 26, 2013) (same). Defendant is not entitled to relief.

### Conclusion

For all of the foregoing reasons, the court finds that Defendant has failed to show that any of the claims raised in his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 have merit. Nor has he shown that an evidentiary hearing is warranted. Therefore Defendant's motion should be denied in its entirety.

Case Nos. 3:11cr55/MCR/CJK; 3:12cv52/MCR/CJK

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. The motion to vacate, set aside, or correct sentence (doc. 55) be **DENIED**.

2. A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 1st day of July, 2015.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

Case Nos. 3:11cr55/MCR/CJK; 3:12cv52/MCR/CJK

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.